UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

JUDGE LOUISE DECARL ADLER, PRESIDING

| | |
|---|---|
| IN THE MATTER OF: | ) |
| PROFESSIONAL SATELLITE AND COMMUNICATION, LLC | ) CASE NO. 07-06613-LA |

OBJECTION TO CLAIM AND NOTICE THEREOF
PROOF OF CLAIM NO. 32, SEAN RONES

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SAN DIEGO, CALIFORNIA

THURSDAY, JUNE 16, 2016

U.S. BANKRUPTCY COURT
DEPARTMENT NO. 2
325 W. F STREET
SAN DIEGO, CA 92101

BY PATRICIA A. CALLIHAN
CSR 13375

APPEARANCES

FOR CLAIMANT SEAN RONES:

PURDY & BAILEY
BY CHARLES PURDY
9820 WILLOW CREEK ROAD, SUITE 490
SAN DIEGO, CALIFORNIA 92131

FOR THE TRUSTEE:

ESTES & HOYT, APC
BY KEVIN J. HOYT
550 WEST C STREET, SUITE 530
SAN DIEGO, CALIFORNIA 92101

ALSO PRESENT:

NANCY WOLF, TRUSTEE

-o0o-

THE CLERK: IN THE MATTER OF *PROFESSIONAL SATELLITE AND COMMUNICATION, LLC*, ON AN OBJECTION TO CLAIM OF THE PROOF OF CLAIM NO. 32 OF SEAN RONES.

APPEARANCES, PLEASE.

MR. PURDY: GOOD AFTERNOON, YOUR HONOR.

CHARLES PURDY OF PURDY & BAILEY APPEARING ON BEHALF OF MR. RONES, THE CLAIMANT.

MR. HOYT: GOOD AFTERNOON, YOUR HONOR.

KEVIN HOYT APPEARING FOR NANCY WOLF, TRUSTEE. MS. WOLF IS ALSO PRESENT.

MS. WOLF: GOOD AFTERNOON, YOUR HONOR.

THE COURT: GOOD AFTERNOON, MS. WOLF.

MR. PURDY, YOU'VE SEEN THE TENTATIVE RULING?

MR. PURDY: YES, YOUR HONOR, I HAVE SEEN THE TENTATIVE RULING.

THE COURT: DO YOU HAVE ARGUMENT?

MR. PURDY: THE ESSENCE OF THE TENTATIVE RULING FROM A FACTUAL STANDPOINT CONSISTS OF THREE E-MAILS: THE E-MAIL OF MAY 13, '05; THE E-MAIL OF MAY 16TH, '05; AND THE E-MAIL OF MAY 25TH, '05. AND AS I UNDERSTAND THE THRUST OF THE TENTATIVE RULING, THE COURT IS ESSENTIALLY TAKING THE POSITION THAT, WHETHER OR NOT THE RELEASE WAS SIGNED, MY CLIENT AGREED TO IT ORALLY; IN OTHER WORDS, THERE WAS A MEETING OF THE MINDS, AND HE THEN ACCEPTED THE BENEFITS;

NAMELY, THE PAYMENTS.

THE COURT: RIGHT.

MR. PURDY: AND I WOULD LIKE TO DIRECT THE COURT'S ATTENTION TO THE MAY 25TH E-MAIL, WHICH IS EXHIBIT C, PAGE 13, TO THE DECLARATION OF LILLIAN FLORES.

THAT E-MAIL, YOUR HONOR, I'M JUST GOING TO QUOTE HERE. THIS IS FROM MY CLIENT TO MS. FLORES. QUOTING: I TRIED EVERY AVENUE TO GET IN TOUCH WITH KORY MADISON.

KORY MADISON IS THE PRINCIPAL OF PROFESSIONAL SATELLITE, THAT MY CLIENT WAS, FOR THE MOST PART, DEALING WITH, ALONG WITH KEN ESSEL, AND TO A LESSOR DEGREE, JONATHAN SCHIFF.

THE REPORTER: I'M SORRY. SLOW DOWN, PLEASE.

THE COURT: SLOW DOWN, COUNSEL.

MR. PURDY: THE E-MAIL, YOUR HONOR, THAT I'VE REFERENCED, EXHIBIT C, PAGE 13 --

THE COURT: YES, I HAVE IT.

MR. PURDY: IT STATES: I TRIED EVERY AVENUE TO GET IN TOUCH WITH KORY AND RESOLVE SOME ISSUES.

I THINK THAT'S CRITICAL, YOUR HONOR, BECAUSE IT'S THE LAST E-MAIL THAT'S REFERENCED BY THE COURT IN THE TENTATIVE, AND IT'S CLEAR, GIVEN THE STATEMENT IN THIS E-MAIL, THAT THERE WAS NOT A MEETING OF THE MINDS. THERE WERE ISSUES THAT WERE IN NEED OF RESOLUTION. AND I CAN GO INTO THOSE ISSUES A LITTLE BIT. BUT THIS IS NOT A CASE WHERE

MY CLIENT SAID, OKAY, GREAT I'LL TAKE THE MONEY FOR THE NEXT YEAR. AS A MATTER OF FACT --

THE COURT: WHICH HE DID. WHICH HE DID.

MR. PURDY: WELL, THE THOUSAND-DOLLARS PAYMENTS HAD BEEN ONGOING FOR MANY YEARS, AND THERE WAS NO INTERRUPTION IN THE PAYMENT OF THAT MONEY.

THE COURT: YES, THERE WAS. YOU'RE INCORRECT. BECAUSE, ACCORDING TO WHAT I WAS READING IN THIS, MISTER -- LET ME FIND THAT PERSON'S NAME. THERE WAS SOMEONE WHO BASICALLY SAID IT'S ENDING, NO MORE.

MR. PURDY: BUT THE CHECKS KEPT COMING, YOUR HONOR, I BELIEVE. IN OTHER WORDS, THE CHECKS, WHICH STARTED IN THE EARLY 2000S, CONTINUED TO COME. IT SHOULD ALSO BE POINTED OUT THAT THE E-MAIL EXCHANGES THAT TOOK PLACE IN MAY OF '05 -- THAT WAS PART OF A PROCESS THAT HAD BEEN BEGUN MORE THAN A YEAR BEFORE. IN FACT, STICKING WITH THE DECLARATION OF LILLIAN FLORES, IF YOU LOOK AT EXHIBIT B, PAGE 8, THERE'S A MUTUAL RELEASE THAT IS DATED MAY 3, 2004.

MY POINT IS THAT PROFESSIONAL SATELLITE OWED MY CLIENT A LOT OF MONEY. THEY WANTED TO CLEAR IT OFF THE BOOKS. THEY WANTED HIM TO SIGN A RELEASE IN THAT REGARD. HE REFUSED TO SIGN THE RELEASE. AND IN FACT WHEN THE PAYMENTS ULTIMATELY STOPPED IN JUNE OF 2006, THAT'S WHEN HE CAME TO MY OFFICE AND WE FILED A LAWSUIT IN SUPERIOR COURT. SO I GUESS BOTTOM LINE INSOFAR AS THE COURT'S TENTATIVE IS CONCERNED,

YOUR HONOR -- I APPRECIATE YOUR TIME ON THIS -- IS THAT THERE WAS NO MEETING OF THE MINDS AS A RESULT OF THE MAY 2005 E-MAIL EXCHANGE; AND BECAUSE THERE WAS NO MEETING OF THE MINDS, THERE WAS NO ORAL AGREEMENT TO ENTER INTO A MUTUAL RELEASE OR ANYTHING ELSE. AND GIVEN THE FACT THAT THERE WAS NO MEETING OF THE MIND ON THAT POINT, MY CLIENT IS STILL ENTITLED TO HIS MONEY. AS YOUR TENTATIVE MAKES CLEAR, IT'S WITHIN THE STATUTE OF LIMITATIONS, THIS CLAIM THAT HE HAS.

SO I WOULD REQUEST HUMBLY AND RESPECTFULLY THAT THE COURT RECONSIDER ITS TENTATIVE RULING AND ALLOW MY CLIENT TO CONTINUE TO PURSUE HIS CLAIM.

THE COURT: THANK YOU, MR. PURDY.

MR. HOYT.

MR. HOYT: THANK YOU, YOUR HONOR.

FIRST OF ALL, ON THE ISSUE OF THE DISCONTINUANCE OF THE THOUSAND-DOLLAR WEEKLY CHECKS AT THE -- STARTING AT THE BEGINNING OF MAY 2005 -- TWO DECLARATIONS ADDRESS THAT: THE DECLARATION OF LILLIAN FLORES SUBMITTED IN SUPPORT OF THE OBJECTION AT PARAGRAPH 6, AND THEN ALSO THE DECLARATION OF JONATHAN SHIFF SUBMITTED IN SUPPORT OF THE OBJECTION AT PARAGRAPH 6. THOSE ARE DOCUMENTS 380-2 FOR MR. SHIFF AND 380-3 FOR LILLIAN FLORES.

THE COURT: I HAVE THEM BOTH HERE.

MR. HOYT: THAT WAS UNCONTROVERTED IN THE RESPONSE.

THEN GOING TO THE E-MAIL FROM MAY 25TH -- I THINK

THAT HAS TO BE READ IN THE CONTEXT OF THE EARLIER E-MAILS FROM MR. RONES, WHERE HE SAID HE WAS READY TO COME IN AND SIGN THIS RELEASE, WHICH INCLUDED THE KEY TERMS, AND PICK UP HIS MONEY. AND IF YOU LOOK AT THIS EXHIBIT C TO MS. FLORES'S DECLARATION, HE DOESN'T CONTROVERT THAT ASSENT. ALL HE SAYS IS HE WANTS TO GET IN TOUCH WITH KORY -- I'M QUOTING HERE -- QUOTE, RESOLVE SOME ISSUES THAT NEED TO BE ADDRESSED. I WAS TOLD BY JONATHAN SHIFF THAT THE CHECKS AND PAPERWORK IS READY TO SIGN. PLEASE INFORM KORY I NEED THIS RESOLVED TODAY.

HE DOESN'T RETRACT HIS CONSENT TO SAY, I'M READY TO SIGN THIS. HE ADMITTEDLY DOES NOT SAY WHAT THOSE ISSUES ARE, BUT AGAIN WE'RE DEALING WITH AN OBJECTIVE MANIFESTATIONS STANDARD, NOT A SUBJECTIVE ONE.

(BRIEF INTERRUPTION.)

SO I WAS JUST MAKING THE OBSERVATION, YOUR HONOR, THAT IT'S -- THE MANIFESTATION STANDARD IS AN OBJECTIVE ONE, NOT A SUBJECTIVE ONE. AND WHAT WE HAVE TO GO ON, THAT WAS IN WRITING BY THE PARTIES AT THE TIME, SHOWS THAT HE WAS READY TO SIGN THIS RELEASE. THOSE WERE THE TWO EARLIER E-MAILS FROM MAY 13TH TO MAY 16TH. HE ALSO INCLUDED A COPY OF THE RELEASE HE SAID HE WAS READY TO SIGN.

THE COURT: RIGHT. THAT'S THE MAY 16. RIGHT.

MR. HOYT: HE NEVER BACKED OFF THE KEY POINTS IN ANY OBJECTIVE BASIS, WHICH WAS, I'LL TAKE $52,000 AT A

THOUSAND DOLLARS A WEEK, AND I'LL GIVE YOUR RELEASE. THOSE THINGS NEVER CHANGED. AND THAT'S -- I THINK IT'S A STRETCH TO SAY, "I HAVE A FEW ISSUES I WANT TO TALK WITH KORY ABOUT AND I WANT THIS RESOLVED TODAY. I UNDERSTAND THE RELEASE IS READY AND THE CHECKS ARE READY AND I WANT TO COME IN TODAY AND GET THIS RESOLVED," DOESN'T SEEM TO BE SAYING, "I WON'T GO THROUGH WITH THE DEAL."

THE COURT: IT DOESN'T SAY "I WANT TO COME IN AND GET IT RESOLVED." THE 5/16 SAYS, "I WANT TO COME IN TODAY TO GET THE CHECKS AND SIGN THIS," REFERRING TO THE RELEASE.

MR. HOYT: I WAS REFERRING TO THE LATER --

THE COURT: OH, EXHIBIT C.

MR. HOYT: -- EXHIBIT C, WHERE HE STILL SAYS, "I NEED THIS RESOLVED TODAY." BUT HE DOESN'T SAY, "I'M NOT GOING TO DO IT."

THE COURT: YEP.

MR. HOYT: IT'S A CLOSE QUESTION, YOUR HONOR. BUT I THINK THE DIFFERENCE IS THE OBJECTIVE MANIFESTATION IS WHAT COUNTS, NOT THE INTERPRETATION GIVEN YEARS LATER.

THE COURT: MR. PURDY, ANYTHING IN CONCLUSION?

MR. PURDY: YES, YOUR HONOR. CAN MY CLIENT SPEAK AT ALL TO THE COURT?

THE COURT: NO.

MR. PURDY: JUST TO FOLLOW UP, THIS COMPANY WAS POSITIONING ITSELF TO GO PUBLIC.

THE COURT: THERE'S NOTHING IN THE RECORD ABOUT THAT, MR. PURDY. THERE'S NOTHING IN HERE THAT THE COURT HAS ANY INFORMATION ABOUT, ABOUT THE STATUS OF THIS COMPANY OTHER THAN THE FACT APPARENTLY IT WAS STRUGGLING; SO...

MR. PURDY: WELL, MY CLIENT'S DECLARATION ADDRESSES THAT POINT.

THE COURT: WELL, ALL RIGHT. LET'S LOOK AT THIS AGAIN. WHICH ONE?

MR. PURDY: THE POINT THAT I'M MAKING IS THAT MY CLIENT HAD GOOD REASON TO BE RELUCTANT TO ACTUALLY SIGN THE RELEASE. HE WANTED TO GET THE RELEASE SIGNED, AND HE WANTED TO GET WHAT HE WAS PROMISED; HOWEVER, HE WAS NOT GOING TO DO THAT UNTIL CERTAIN ISSUES -- CERTAIN PROMISES THAT WERE MADE TO HIM ON THE BACK END OF WHAT MIGHT HAPPEN OR NOT HAPPEN WITH THIS COMPANY WERE MEMORIALIZED, AND THEY WEREN'T. AND THAT'S WHAT HE NEEDED TO TALK WITH KORY ABOUT. THAT'S WHY HE HAD ISSUES THAT NEEDED TO BE DISCUSSED BEFORE HE WOULD SIGN OFF. AND OF COURSE IT'S OUR POSITION, AND YOU AGREE IN YOUR TENTATIVE, THAT -- I MEAN, WE TAKE THE POSITION THAT HE NEVER DID SIGN THE RELEASE.

THE COURT: ALL RIGHT.

MR. PURDY: THAT'S ALL, YOUR HONOR.

THE COURT: THANK YOU, MR. PURDY.

THIS IS THE TRUSTEE'S OBJECTION TO THE CLAIM 32-2 FILED BY SEAN RONES, DBA RADIUM MARKETING. THE CLAIM IS FOR

$1,172,664.80; IT IS AN UNSECURED CLAIM.

THE TRUSTEE HAS BROUGHT OPPOSITION ON TWO GROUNDS: THAT THE CLAIM WAS TIME BARRED, AND THAT THE LIABILITY CLAIMED UNDER THE CLAIM WAS RELEASED VIA MUTUAL RELEASE, WHICH WAS FULLY PERFORMED, FROM THE DEBTOR'S POINT OF VIEW.

THE COURT, FOR THE REASONS SET FORTH IN THE TENTATIVE RULING, FINDS THAT THAT IS IN FACT THE CASE, MR. PURDY. THE COURT IS NOT PERSUADED THAT MR. RONES DID ANYTHING BUT SIGN THE RELEASE -- OR OBJECTIVELY ASSENT -- MANIFEST HIS ASSENT TO THE RELEASE BY ACCEPTING $1,000-A-MONTH PAYMENTS AFTER HE WAS TOLD THEY WERE STOPPING, AND THE OVERBIDDING WAS GOING TO GET THEM AS IF YOU PUT A CAP, IF YOU WILL, OF THE $52,000 THAT WAS ULTIMATELY PAID TO HIM.

SO FOR THE REASONS SET FORTH IN THE CASE LAW THAT WAS CITED, I FIND THAT MR. RONES IN FACT DID RELEASE HIS CLAIM AND RULE IN FAVOR OF THE TRUSTEE ON THIS CAUSE. I'M SORRY.

MR. HOYT, PLEASE PREPARE AND LODGE AN ORDER. THANK YOU.

MR. HOYT: THANK YOU, YOUR HONOR.

THE COURT: THANK YOU, MR. PURDY.

MR. PURDY: THANK YOU, YOUR HONOR.

-o0o-

STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

I, PATRICIA A. CALLIHAN, COURT REPORTER, DO HEREBY CERTIFY:

THAT I REPORTED IN SHORTHAND THE PROCEEDINGS HELD IN THE FOREGOING CAUSE ON THE 16TH DAY OF JUNE, 2016; THAT MY NOTES WERE LATER TRANSCRIBED INTO TYPEWRITING UNDER MY DIRECTION; AND THAT THE FOREGOING TRANSCRIPT CONTAINS A CORRECT STATEMENT OF THE PROCEEDINGS.

DATED THIS 20TH DAY OF SEPTEMBER, 2016.

/s/ Patricia A. Callihan
Patricia A. Callihan, CSR No. 13375